## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH A. FESSLER,

      PLAINTIFF,

          v.

KIRK SAUER, et al.,

      DEFENDANTS.

No. 3:10-CV-1050

(JUDGE CAPUTO)

## ORDER

Defendant Kirk Sauer moves for a pre-filing injunction to enjoin the plaintiff from filing future actions against him for the 1973 taking of his property.

A permanent injunction may be granted "where the moving party has demonstrated that: (1) the exercise of jurisdiction is appropriate; (2) the moving party has actually succeeded on the merits of its claim; and (3) the 'balance of equities' favors granting injunctive relief'" *Chao v. Rothermel*, 327 F.3d 223, 228 (3d Cir. 2003).

All three factors tip in favor of issuing an injunction: this Court has jurisdiction; the case has been dismissed and thus the moving party has succeeded on the merits; and the balance of the equities favors an injunction so Sauer is not forced to defend future frivolous lawsuits. Sauer's motion gave Fessler notice to show cause why the injunction should not issue: in response, Fessler argues that the Court should disregard his previous case filings. The Court will not do so; indeed, his previous filings give rise to the "exigent circumstances," which include "a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions," that justify a pre-filing injunction. *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). Additionally, the scope of the injunctive order will be narrowly tailored

to fit the circumstances of this case: Fessler will be enjoined from filing suit against Sauer based on the 1973 taking of his property unless he first obtains leave of court.

**NOW** this 29th day of March, 2011, upon review of defendant Kirk Sauer's motion for a pre-filing injunction (Doc. 34), the Court **GRANTS** the motion.  The plaintiff, Joseph A. Fessler, is **HEREBY ENJOINED** from filing any new action or proceeding, the claims of which arise from the 1973 taking of the Plaintiff's property by the Redevelopment Authority of the City of Wilkes-Barre, in this federal court against Kirk Sauer or his successors, agents, or assignees, without first obtaining leave of a magistrate judge or district judge of the district court, who shall review the complaint upon filing to determine whether it falls within the court's jurisdiction or states a colorable claim and approve or reject it.  The clerk of court is directed to mark this matter **CLOSED**.

                                                    /s/ A. Richard Caputo
                                                    A. Richard Caputo
                                                    United States District Judge