# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH A. FESSLER,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:10-1050** |
| v. | : | **(CAPUTO, D.J.)** |
| | | **(MANNION, M.J.)** |
| **KIRK SAUER, ET. AL,** | : | |
| **Defendants** | : | |

# **REPORT AND RECOMMENDATION**[1]

On May 29, 2012, the plaintiff filed the instant motion for permission to file another law suit. (Doc. No. 56). The plaintiff was required to file the instant motion pursuant to the district judge's order of March 25, 2011. (Doc. No. 42). That order adopted a Report and Recommendation (Doc. No. 33) which outlined the plaintiff's continued attempts to litigate his dissatisfaction with compensation he received for an eminent domain taking in 1973 as well as the appropriateness of a pre-filing injunction "to preclude abusive, groundless and vexatious litigation." *See Waris v. Mackey*, No. 09-1103, 2009 U.S. Dist. LEXIS 116961, at *42 (E.D. Pa. Dec. 15, 2009) (citing *Brow v. Farrelly,* 994

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

F.2d 1027, 1038 (3d Cir. 1993)).

The instant motion seeks permission to file yet another complaint based on these nearly 40-year-old facts. Here the plaintiff claims United States District Judge Richard P. Conaboy misinformed or misled him as to the proper jurisdictions for his claims during a 1989 proceeding.[2]

As this claim is, without question, another challenge to the 1973 taking and the subsequent proceedings, this court recommends that the plaintiff's motion (Doc. No. 56) be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATED: September 25, 2012**
O:\shared\REPORTS\2010 Reports\10-1050-02.wpd

---

[2] If a complaint based on these facts was filed, Judge Conaboy would enjoy absolute judicial immunity and any challenge to the 1989 proceeding would be barred by the statute of limitations. *See Stump v. Sparkman*, 435 U.S. 349 (1978)(defending common law principle of judicial immunity); *see also Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir.1998)(discussing statute of limitations for claims related to the challenge of a judgment).