# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. FESSLER, <br><br> Plaintiff, <br><br> v. <br><br> KIRK SAUER, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:10-CV-1050 <br><br> (JUDGE CAPUTO) <br><br> (MAGISTRATE JUDGE MANNION) |

## MEMORANDUM

Presently before the Court are the Magistrate Judge's[1] Report and Recommendation ("R&R") (Doc. 62) and Plaintiff Joseph Fessler's objections (Doc. 63). The Magistrate Judge recommends that Mr. Fessler's Motion for Permission to File Another Lawsuit (Doc. 56) be denied pursuant to this Court's Order of March 25, 2011 (Doc. 42), which enjoined Mr. Fessler from filing any new action or proceeding arising from the 1973 taking of his property by the Redevelopment Authority of the City of Wilkes-Barre without first obtaining leave from this Court. Because Mr. Fessler's motion raises the same arguments regarding the 1973 taking of his property and subsequent proceedings, the R&R will be adopted.

## BACKGROUND

On May 17, 2010, Plaintiff Joseph Fessler, proceeding *pro se*, filed a complaint against Defendants Kirk Sauer, Community Development of Wilkes-Barre; Richard Gelhard, Ex-Deputy Executive Director of the Wilkes-Barre Redevelopment Authority; Brenda Laroche, Deputy Regional Director of the United States Department of Housing and Urban Development ("HUD"); Paul Cain, Ex-Area Director of HUD; Shaun Donovan, Secretary of HUD; and Eric Holder, United States Attorney General. (Doc. 1.) Mr. Fessler's lawsuit challenged the amount of relocation benefits he received as compensation from the City of Wilkes-Barre for taking his property by eminent domain in 1973. (*Id.*) Prior to his 2010

---

[1] The caption reflects Judge Mannion's office as a Magistrate Judge when he issued the Report and Recommendation here under review. He has since become a United States District Judge.

lawsuit, Mr. Fessler had filed four other lawsuits in this Court, all of which had been resolved against him.[2] In addition to filing a motion to dismiss (Doc. 10), Defendants Laroche, Cain, Donovan, and Holder ("the Federal Defendants") filed a motion for a future pre-filing injunction against future complaints or other filings by Mr. Fessler against them concerning the 1973 taking of Mr. Fessler's property by the City of Wilkes-Barre (Doc. 19). In a R&R dated January 7, 2011, the Magistrate Judge recommended that all Defendants be dismissed from the action and that the Federal Defendants' motion for pre-filing injunction be granted. (Doc. 33.) The R&R was adopted in an Order dated March 25, 2011. (Doc. 42.) With respect to the future pre-filing injunction, the Court ordered that Mr. Fessler is enjoined from:

> filing any new action or proceeding, the claims of which arise from the 1973 of [his] property by the Redevelopment Authority of the City of Wilkes-Barre in this federal court against any of the captioned Federal Defendants or their successors, agents, employees, or assignees, without first obtaining leave of a magistrate judge or district judge of the district court, who shall review the complaint upon filing to determine whether it falls within the court's jurisdiction or states a colorable claim and approve or reject it.

(*Id.* at ¶ 5.)

On May 29, 2012, Mr. Fessler filed a Motion for Permission to File Another Lawsuit. (Doc. 56.) In his motion, Mr. Fessler requests a hearing regarding his relocation benefits and claims that United States District Judge Richard P. Conaboy misinformed or misled him as to the proper jurisdiction for his claims during a 1989 proceeding. (*Id.*) On September 25, 2012, the Magistrate Judge filed the instant R&R recommending that Mr. Fessler's motion be denied, as it is another attempt to challenge the 1973 taking and subsequent proceedings. (Doc. 62.) Mr. Fessler timely filed objections to the R&R on October 10, 2012. (Doc. 63.) Thus, the R&R is ripe for disposition.

---

[2] These actions were: *Fessler v. Redev. Auth. of the City of Wilkes-Barre,* et al., No. 08-0141 (M.D. Pa. Nov. 20, 1980), *aff'd* 681 F.2d 805 (3d Cir. 1982), *cert. denied* 459 U.S. 863 (1982); *Fessler v. O'Karma,* et al., No. 87-0949 (M.D. Pa. Jan. 11, 1989); *Fessler v. Finlayson,* et al., No. 89-1647 (M.D. Pa. Dec. 22, 1989); and *Fessler v. Sauer,* et al., No. 07-1939 (M.D. Pa. Aug. 22, 2009), *aff'd* 316 F. App'x 174 (3d Cir. 2009), *cert. denied* 130 S.Ct. 1142 (2010).

2

## DISCUSSION

**I. Legal Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions of the R&R to which the petitioner objects *de novo*. The remainder of the R&R is reviewed for clear error.

**II. Analysis**

In his objections, Mr. Fessler generally asserts that Judge Conaboy inappropriately handled his earlier cases, expresses his surprise about the doctrine of judicial immunity, and reiterates his belief that no judge assigned to any of his cases has read a 1976 letter from Paul Cain which denied Mr. Fessler's appeal for a hearing regarding the denial of relocation benefits by the Wilkes-Barre Redevelopment Authority and informed him of his right to seek judicial review of the decision through the courts. (Doc. 63.)

Mr. Fessler's motion is another attempt to re-litigate his dissatisfaction with the 1973 taking of his property and the outcome of subsequent proceedings in this Court. Therefore, pursuant to the pre-filing injunction ordered by this Court, which is meant "to preclude

abusive, groundless and vexatious litigation", *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993), Mr. Fessler's motion will be denied and the Magistrate Judge's R&R will be adopted.[3]

## **CONCLUSION**

For the reasons stated above, the Magistrate Judge's R&R (Doc. 62) will be adopted. Mr. Fessler's Motion for Permission to File Another Lawsuit (Doc. 56) will be denied.

An appropriate order follows.


January 23, 2013                                  /s/ A. Richard Caputo
Date                                                   A. Richard Caputo
                                                               United States District Judge

---

[3] Even if Mr. Fessler could file a complaint based on the facts alleged in his motion or objections, Judge Conaboy would enjoy absolute judicial immunity and any challenge to the 1989 proceeding would be barred by the statute of limitations. *See Stump v. Sparkman*, 435 U.S. 349 (1978) (defending common law principle of judicial immunity); *see also Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) (discussing statute of limitations for claims related to the challenge of a decision by a city authority or commission).